IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| INVESTORS TITLE INSURANCE COMPANY<br>121 North Columbia Street<br>Chapel Hill, North Carolina 27514<br><br>   Plaintiff<br><br>v.<br><br>MARYLAND TITLE CENTER, LLC<br>5735 Industry Lane, Suite 8-B<br>Frederick, Maryland 21704<br><br>   **Serve On:**  Resident Agent<br>                    Maryland Bank Services, Inc.<br>                    186 Duke of Gloucester Street<br>                    Annapolis, Maryland 21404<br><br>   Defendant | Civil Action No. 14-1863 |

## COMPLAINT

The Plaintiff, Investors Title Insurance Company, by and through its undersigned attorneys, and pursuant to Fed R. Civ. Proc. 3, and Local R. 103, sues the Defendant, Maryland Title Center, LLC, and says:

### Summary of the Case

The parties, who are citizens of North Carolina and Maryland, respectively, entered into an agreement whereby Defendant would issue policies of title insurance on behalf of Plaintiff. The Plaintiff was compelled to pay money to third-parties to remedy the Defendant's breach of that agreement. The Plaintiff seeks recovery in excess of $75,000 under theories of common law indemnity and breach of contract.

### Parties and Jurisdiction

1. The Plaintiff is a corporate entity, formed and existing under the laws of North Carolina. Plaintiff issues policy of title insurance throughout the country, and is registered to transact and conduct business in the State of Maryland with the Department of Assessments and Taxation (Dept. ID# F10456382).

2. The Defendant is a corporate entity, formed and existing under the laws of Maryland. At all times pertinent to this lawsuit, the Defendant was acting as the Plaintiff's agent. The Defendant is

registered to transact and conduct business in the State of Maryland with the Department of Assessments and Taxation (Dept. ID # W04775748).

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## Facts Common to All Counts

5. The parties entered into an agency agreement in 2004 whereby the Defendant would quote, issue, and collect premiums for policies of title insurance on behalf of the Plaintiff (the "Contract").

6. On July 13, 2006, the Defendant, acting as the Plaintiff's agent, issued a policy of title insurance to Community Bank of Tri-County (the "Policy").

7. The Policy insured the priority of a lien held by Community Bank of Tri-County across five separate properties in Waldorf, Maryland, including real properties located at 6074 Sirenia Place and 11208 D Barnswallow Place.

8. Due to the Defendant's errors and omissions in the abstracting or examination of title, and in breach of the terms of the Contract, the Defendant issued the Policy, despite the existence and priority of liens held by third party lenders encumbering both 6074 Sirenia Place and 11208 D Barnswallow Place.

9. In order to satisfy its obligation to Community Bank of Tri-County, and to remedy the Defendant's breach, the Plaintiff made payoffs to extinguish the superior liens encumbering both 6074 Sirenia Place and 11208 D Barnswallow Place.

## Count One – Indemnity

10. Plaintiff incorporates all prior paragraphs by reference.

11. The Contract evidences the mutual assent of the parties that the Defendant would indemnify the Plaintiff for losses resulting from the Defendant's errors and omissions in abstracting or examination of title. Such Contract was supported by sufficient and mutual consideration.

12. The Defendant, acting as Plaintiff's agent, issued a policy of title insurance that committed the Plaintiff to insure the priority of a lien held by Community Bank of Tri-County across five separate

properties in Waldorf, Maryland including properties located at 6074 Sirenia Place and 11208 D Barnswallow Place.

13. As a result of Defendant's errors and omissions in the abstracting or examination of title, the policy was issued despite the existence and superiority of liens benefiting third-party lenders on both 6074 Sirenia Place and 11208 D Barnswallow Place.

14. In order to satisfy its obligation to Community Bank of Tri-County, and to remedy the Defendant's breach, the Plaintiff made payoffs to extinguish the superior liens encumbering both 6074 Sirenia Place and 11208 D Barnswallow Place.

15. On August 7, 2013, the Plaintiff paid Wells Fargo sixty-six thousand, nine hundred fourteen dollars and twelve cents ($66,914.12) in exchange for Wells Fargo's release of its lien encumbering 11208 D Barnswallow Place.

16. On March 24, 2014, the Plaintiff paid JP Morgan Chase one hundred twenty-eight thousand, twenty dollars and forty-five cents ($128,020.45) in exchange for JP Morgan Chase's release of its lien encumbering 6074 Sirenia Place.

17. Section seven (7) of the Contract states that the Defendant shall indemnify the Plaintiff for "all losses, cost or damage" which the Plaintiff sustains or becomes liable for on account of the Defendant's errors and omissions in the abstracting or examination of title.

18. The Defendant has refused to indemnify the Plaintiff, despite demand.

WHEREFORE, the Plaintiff requests this Court enter a judgment in favor of the Plaintiff, and against the Defendant in the amount of one hundred ninety four thousand, nine hundred thirty-four dollars and fifty-seven cents ($194,934.57) costs and reasonable attorney's fees.

### Count Two – Breach of Contract

19. Plaintiff incorporates all prior paragraphs by reference.

20. The Defendant, acting as Plaintiff's agent, issued a policy of title insurance that committed the Plaintiff to insure the priority of a lien held by Community Bank of Tri-County across five separate properties in Waldorf, Maryland including properties located at 6074 Sirenia Place and 11208 D Barnswallow Place.

21. As a result of Defendant's errors and omissions in the abstracting or examination of title, the policy was issued despite the existence and superiority of liens benefiting third-party lenders on both 6074 Sirenia Place and 11208 D Barnswallow Place.

22. In order to satisfy its obligation to Community Bank of Tri-County, and to remedy the Defendant's breach, the Plaintiff made payoffs to extinguish the superior liens encumbering both 6074 Sirenia Place and 11208 D Barnswallow Place.

23. On August 7, 2013, the Plaintiff paid Wells Fargo sixty-six thousand, nine hundred fourteen dollars and twelve cents ($66,914.12) in exchange for Wells Fargo's release of its lien encumbering 11208 D Barnswallow Place.  A copy of the canceled check to Wells Fargo is attached as Exhibit C.

24. On March 24, 2014, the Plaintiff paid JP Morgan Chase one hundred twenty-eight thousand, twenty dollars and forty-five cents ($128,020.45) in exchange for JP Morgan Chase's release of its lien encumbering 6074 Sirenia Place.  A copy of the canceled check to JP Morgan Chase is attached as Exhibit D.

25. Section seven (7) of the Contract states that the Defendant shall indemnify the Plaintiff for "all losses, cost or damage" which the Plaintiff sustains or becomes liable for on account of the Defendant's errors and omissions in the abstracting or examination of title.  *See*, Exhibit A.

26. The Defendant has refused to indemnify the Plaintiff, despite demand.  Such refusal to indemnify constitutes a material breach of the Contract.

WHEREFORE, the Plaintiff requests this Court enter a judgment in favor of the Plaintiff, and against the Defendant in the amount of one hundred ninety four thousand, nine hundred thirty-four dollars and fifty-seven cents ($194,934.57) costs and reasonable attorney's fees.

/s/
Thomas C. Valkenet (03968)
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
(410) 323-0900
TCV@youngandvalkenet.com

/s/
Ian T. Valkenet (30112)
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
(410) 323-0900
ITV@youngandvalkenet.com

Attorneys for Investor's Title Insurance Company